E-FILED
Friday, 20 September, 2019  01:06:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| VALENTIN MACEDO<br><br>Plaintiff,<br><br>-v-<br><br>M3 FINANCIAL SERVICES, INC.<br><br>Defendant. | CASE NO.: 2:19-cv-02258<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Valentin Macedo, for his complaint against M3 Financial Services, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as described more fully in this complaint.

### JURISDICTION AND VENUE

2.      This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Central District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Central District of Illinois.

PARTIES

4.      Plaintiff, Valentin Macedo ("Mr. Macedo"), is a natural adult person residing in Pembroke Township, Illinois, which lies within the Central District of Illinois.

5.      Mr. Macedo is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6.      Mr. Macedo is a "person" as that term is defined within the ICFA.

7.      Defendant, M3 Financial Services, Inc., is an Illinois company in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States.  As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8.      In its communications to consumers, Defendant identifies itself as a "debt collector."

9.      Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10.      Defendant is a "person" as that term is defined and/or used within the ICFA.

11.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12.      On or around November 11, 2018, Defendant mailed a written collection correspondence to Mr. Macedo attempting to collect medical debt with a total balance of "$20.83" currently owned by *Watermark Physician Services* (the "Subject Debt"). A copy of the collection correspondence, dated November 11, 2018, is attached to this complaint as Exhibit A (the "Collection Letter").

13.     The Collection Letter was the initial communication Mr. Macedo received from Defendant concerning the Subject Debt. Further, as Mr. Macedo only speaks Spanish, the entirety of the Collection Letter is in Spanish.

14.     The Collection Letter stated in relevant part:

> "The local credit can be informed of your debt, if the total balance is not paid in full. The local credit maintains documentation of your credit history, which is available to creditors. Refusal to pay past debt can be used as a reason to deny credit in the future." *See* Exhibit A.

15.     In the Collection Letter, Defendant provided details about the Subject Debt and identified Defendant as a debt collector attempting to collect upon the Subject Debt.

16.     Mr. Macedo was unable to understand who the "local credit" was. *Id.*

17.     In the Collection Letter, by threatening to report the unpaid balance to the "local credit," created confusion as to what actions Defendant would take upon non-payment. *Id.*

18.     Further, by threatening to report unpaid balances to the "local credit," Defendant threatened to take an action that cannot legally be taken. Upon information and belief, there is no such "local credit" that Defendant would report the Subject Debt to.

19.     Confused and concerned after receiving the Collection Letter from Defendant, and questioning the validity of Defendant's claims to the Subject Debt, Mr. Macedo spoke to his attorneys for assistance in clarification regarding his rights.

20.     After a reasonable time to conduct discovery, Mr. Macedo believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

DAMAGES

21.     Mr. Macedo was misled by Defendant's Collection Letter.

22.     Mr. Macedo justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

23.     Due to Defendant's conduct, Mr. Macedo was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24.     After a reasonable time to conduct discovery, Mr. Macedo believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

25.     Due to Defendant's conduct, Mr. Macedo is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF
### COUNT I
#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### *15 U.S.C. §§ 1692e, e(2)(A), e(10) f and f(1)*

26.     All prior paragraphs are incorporated into this count by reference.

27.     The FDCPA states, in relevant part:

"A debt collector may not use any false, deceptive, or misleading representation or .means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge or expense incidental to the principal obligation) unless

such amount is expressly authorized by the agreement creating the
debt or permitted by law." 15 U.S.C. § 1692f and f(1).

28.     Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(8), e(10), f and f(1) in the

Collection Letter by (i)   making a false, deceptive and/or misleading statement that Defendant

would report the Subject Debt to "the local credit," an entity that is nonexistent and (ii) threatening

to take action that Defendant cannot take in an attempt to intimidate Plaintiff into making a

payment.

29.     In violation of the FDCPA, Defendant threatened to take actions that are not clearly

communicated and with a falsehood meant to induce payment.

30.     As an experienced debt collector, Defendant knew that its representations to

consumers concerning the status of any alleged debt owed are required to be truthful, complete

and accurate, and disclosed without any intent to mislead or deceive.

31.     As Plaintiff had no prior contractual relationship or dealings with Defendant

whatsoever, Plaintiff was justifiably confused and skeptical of the representations and/or

omissions regarding the legal status of the Subject Debt.

32.     As set forth in paragraphs 21 through 25 above, Plaintiff has been harmed and has

suffered damages as a result of Defendant's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS §§ 505/2, 505/10a*

33.     All prior paragraphs are incorporated into this count by reference.

34.     The ICFA states, in relevant part:

"Unfair methods of competition and unfair or deceptive acts or
practices, including but not limited to the use or employment of any
deception, fraud, false pretense, false promise, misrepresentation or
the concealment, suppression or omission of any material fact, with
intent that other rely upon the concealment, suppression or omission

of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged hereby." 815 ILCS § 505/2.

"Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS § 505/10a.

35.     Defendant violated the ICFA, namely 815 ILCS § 505/2, by engaging in unfair, abusive and deceptive conduct it its transaction with Plaintiff by, *inter* alia: (i) failing to clearly convey the appropriate information to Plaintiff and instead threatening to report the Subject Debt to "the local credit," an action Defendant had no intention of taking. This threat was meant to induce immediate payment.

36.     Defendant knew, or should have known, that the Collection Letter failed to effectively communication truthful information as required by the ICFA.

37.     Defendant intended that Plaintiff rely on its unlawful communications in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising his rights.

38.     As set forth in paragraphs 21 through 25 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

39.     Plaintiff is therefore entitled to relief pursuant to 815 ILCS § 505/10a.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Valentin Macedo, respectfully requests that this Court enter judgment in his favor as follows:

A.  Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

B.  Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C.   Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS § 505/10a;

D.   Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E.   Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 20th day of September, 2019.                Respectfully Submitted,

  */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

  */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC